## UNITED STATES DISTRICT COURT FOR THE
## DISTRICT OF PUERTO RICO

| | |
|---|---|
| ANGEL L. MEDINA-SANCHEZ, ET AL.,<br>  Plaintiffs<br><br>v.<br><br>MIGUEL PEREIRA-CASTILLO, ET AL.,<br>  Defendants | Civil No. 05-1797 (HL) |

## OPINION AND ORDER

Plaintiff Angel Medina Sanchez (hereinafter "Medina") and his wife Raquel Alvarez Cardenas bring this action pursuant to 42 U.S.C. § 1983 against multiple directors, administrators, and correctional officers of the Puerto Rico Department of Corrections in their individual capacities[1] for alleged violations of Medina's rights under the Fifth, Eighth, and Fourteenth Amendments of the Constitution of the United States. Plaintiffs also seek to invoke this Court's supplemental jurisdiction over claims arising under the Constitution and laws of the Commonwealth of Puerto Rico. *See* 28 U.S.C. § 1367. Before the Court are three motions to dismiss the complaint made pursuant to Rule 12(b)(6) of the Federal Rules of Civil

---

[1]  Defendants in this action are Miguel Pereira Castillo (Administrator of the Corrections for the Commonwealth of Puerto Rico); Héctor Fontánez Rivera (Director of Security or Auxiliary Administrator for Security of the Department of Corrections); Jorge Silvestrini (Director of Secuirty for the Souther Region); Jaime López Martinez (Director of the Southern Region); Edgardo Colomba (Superintendent of Annex 296 at Guayama Correctional Complex); Felipe Soto Lebrón (Director of Security for the Guayama Correctional Complex); Marcial Ortíz (Lieutenant assigned to Guayama Correctional Complex); Commander Antoneti (Commander of the Guard at Guayama Correctional Complex); Correctional Officer Peña; Correctional Officer Peña; Correctional Officer Maldonado; Harry Sánchez (Correctional Officer); and Correctional Officer Nieves.

2

Procedure (Dkt. Nos. 10, 11, 12).[2] *See* Fed.R.Civ.P. 12(b)(6). After requesting multiple extensions of time, plaintiffs filed a consolidated response in opposition to said motions.[3] For the reasons set forth below, defendants' motions to dismiss are granted in part and denied in part.

## STANDARD OF REVIEW

In ruling on a Rule 12(b)(6) motion to dismiss, a court must accept all well-pled factual averments as true and must draw all reasonable inferences in the plaintiff's favor. *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 164 (1993); *Carparts Distrib. Ctr., Inc. v. Automotive Wholesaler's Ass'n*, 37 F.3d 12, 14 (1st Cir.1994). A court should not dismiss a complaint for failure to state a claim unless it is clear that the plaintiff will be unable to prove any set of facts which would entitle him or her to recovery. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Miranda v. Ponce Fed. Bank*, 948 F.2d 41, 44 (1st Cir.1991). However, this deferential standard is not a "toothless tiger." *Doyle v. Hasbro, Inc.,* 103 F.3d 186, 190 (1st Cir.1996). A court is not obliged to accept "bald assertions, unsupportable conclusions, periphrastic circumlocutions, and the like." *Aulson v. Blanchard*, 83 F.3d 1, 3 (1st Cir.1996).

## BACKGROUND

The facts as provided in the complaint are as follows: On July 20, 2004, plaintiff Medina, an inmate under the custody of the Commonwealth of Puerto Rico Administration of Corrections, was transferred from a maximum security correctional facility located in Ponce, Puerto Rico, to the maximum security correctional institution known as Annex 296 at

---

[2] Dkt. No. 10 is brought by Defendant Manuel González Antonetty. Dkt. No. 11 is brought by Defendants Miguel Pereira, Héctor Fontánez, Jaime López, Jorge Silvestrini, Edgardo Colomba, and Felipe Soto Lebrón. Dkt. No. 12 is brought by Defendants Officer Peña, Officer Maldonado, Harry Sanchez, and Officer Nieves.

[3] Dkt. No. 20.

3

Guayama Correctional Complex located in Guayama, Puerto Rico.[4] On that date, Medina informed medical personnel that he had not been provided with his prescription medication. The medical personnel in turn informed Medina that queries regarding his medical treatment were to be directed to a physician assigned to the medical services department located in Building No. 6. of the complex. Medina immediately signed a "sick call" sheet in order to be taken to this medical services area. Later that day, Co-defendants Correctional Officer Peña and Correctional Officer Maldonado informed Medina that they were to take him to the medical services area along with two other inmates. Prior to being taken to the medical services area, Correctional Officers Peña and Maldonado handcuffed and shackled Medina and directed him to an area known as the Special Internal Unit of Disturbance Control where he was subjected to a full-body search. This inspection was performed in front of the two other inmates which were also being taken to the medical services area. These two other inmates were not subject to any kind of body search or security inspection.

Upon arriving to the medical services area in Building No. 6 of the Guayama Correctional Complex, Medina was instructed to sign-in and wait for the next available physician. Medina remained handcuffed and shackled. However, the other two accompanying inmates' handcuffs and shackles were removed. While medical personnel were taking Medina's blood pressure, one of these inmates attacked Medina with a shank. The second inmate simultaneously began violently kicking Medina. During the attack, Medina was stabbed eight times in his right and left hands, thorax, left forearm, left armpit, head, and neck. The stab wound to the neck penetrated five centimeters into his submandibular muscle tissue. The assault occurred during daytime hours and was witnessed by Correctional Officer Peña, Dr. Rivera Vázquez, and other medical personnel. Correctional Officer Harry Sánchez was standing outside of the medical services area when the assault occurred.

---

[4] Plaintiff Medina continues to be incarcerated in said correctional facility.

4

Medina's stab wounds required emergency medical assistance. Medina was transferred to the Cristo Redentor Hospital in Guayama. The stab wound to the neck required an emergency surgical procedure  to drain accumulated fluids in the neck area. This surgical procedure was performed under general anesthesia on July 21, 2004, and required sixteen stitches or sutures. Medina remained hospitalized for five days, until July 24, 2004. As part of his post-operative recovery, Medina had a follow-up appointment scheduled for July 28, 2004, in order to verify that no post-operative complications had emerged and to remove the stitches. On said date, Medina was not taken to his scheduled appointment. On the following day, July 29, 2004, after requesting medical assistance for his stab wounds, an unidentified surgeon from the medical services facility of the Guayama Correctional Complex removed Medina's stitches.  Medina requested a medial examination of his neck area to check for signs of infection or post-operative complications, but the surgeon told Medina that his only assigned task was to remove the stitches.

Meanwhile, Medina's wife, plaintiff Raquel Alvarez Cardenas (hereinafter "Alvarez") upon learning of the attack on Medina, acquired authorization from the pertinent correctional authorities to visit Medina in the hospital. Alvarez went to Cristo Redentor Hospital but was denied any contact with Medina. Sergeant Malave from Annex 296 at Guayama Correctional Complex informed the correctional officers on duty at the hospital that Alvarez had obtained proper authorization to visit Medina while he was hospitalized, but Alvarez was denied contact with Medina. On July 21, 2004, while Medina underwent the surgical procedure on his neck, unidentified correctional officers in the hospital waiting room allegedly performed acts meant to create apprehension and serious doubt in Alvarez concerning the physical condition and health of Medina.

Plaintiffs contend that at all times relevant to the complaint, defendants were responsible for the appropriate deployment of staff,  monitoring, and implementation and compliance of practices and procedures  which would ensure the physical safety of Medina and other inmates

at the Guayama Correctional Complex. Plaintiffs claim that defendants through fault or negligence failed to comply with their responsibilities, and thereby caused serious harm to them. Plaintiffs further allege that defendants were well aware of serious security problems and risk of inmate on inmate assault existing at Guayama Correctional Complex, but failed to enforce acceptable correctional practices or otherwise provide adequate security to Medina and other inmates. Plaintiffs submit that defendants deprived Medina of his physical safety and security without due process of law, and inflicted cruel and unusual punishment upon him in violation of the Fifth, Eighth, and Fourteenth Amendments of the Constitution of the United States, as well as the Constitution and laws of the Commonwealth of Puerto Rico.

## DISCUSSION

Defendants seeks to dismiss the complaint on the following five grounds: (1) plaintiff Medina has failed to state a claim under 42 U.S.C. § 1983; (2) plaintiff Medina's wife Raquel Alvarez Cardenas lacks standing to sue under 42 U.S.C. § 1983; (3) the Eleventh Amendment bars plaintiffs' monetary damages claims; (4) defendants are entitled to qualified immunity; and (5) plaintiffs' supplemental state law claims should be dismissed because no independent source of federal subject matter jurisdiction remains.[5]  The Court shall address each argument in turn.

### I.

### 42 U.S.C. § 1983

A claim under 42 U.S.C. § 1983 has two essential elements: (1) the conduct complained of must have been committed under color of state law, and (2) the conduct must have worked a denial of rights that are protected by the Constitution or laws of the United States. *Martinez*

---

[5] Although defendants submit three separate motions to dismiss, all of the motions essentially rely upon the same five arguments.

*v. Colon*, 54 F.3d 980, 984 (1st Cir.1995). Regarding the first element, there is no dispute that in the instant case defendants acted under color of state law. The second element has two aspects: (i) there must have been a deprivation of federal rights, and (ii) there must have been a causal connection between the conduct complained of and the deprivation of rights. *Gutierrez-Rodriguez v. Cartagena,* 882 F.2d 553, 559 (1st Cir.1989).

Plaintiff Medina claims that his right of procedural due process and right to be free from cruel and unusual punishment were infringed in violation of the Fifth, Fourteenth, and Eighth Amendments. As a threshold matter, the Court finds that the due process clause of the Fifth Amendment is not implicated in this case because it is the due process clause of the Fourteenth Amendment – not that of the Fifth Amendment– which applies to the action of state governments. Accordingly, plaintiff's claims under the Fifth Amendment are ordered dismissed.

Defendants argue that with regard to co-defendants Miguel Pereira, Héctor Fontánez, Jaime López, Jorge Silvestrini, Edgardo Colomba, and Felipe Soto Lebrón there are no allegations in the complaint which establish a connection between these defendants and the alleged acts of discrimination or violations of plaintiff's constitutional rights. Defendants argue that plaintiff's claims against these defendants are based solely upon a respondeat superior theory which is inappropriate under § 1983, and thus should be dismissed. Defendants are correct that there is no respondeat superior liability under § 1983. *West v. Atkins*, 487 U.S. 42, 54 n. 12 (1998)(citing *Monell v. New York Dept. of Soc. Servs.*, 436 U.S. 658, 690-95 (1978)). Thus, said defendants can be held liable only on the basis of his own acts or omissions. *See Figueroa v. Aponte-Roque*, 864 F.2d 947, 953 (1st Cir. 1989). However, [s]upervisors need not have personal knowledge of the alleged violation . . . if they were indirectly responsible for or could have prevented the challenged act." *Id*. At this stage of the proceedings, accepting all well-pled factual averments as true and drawing all reasonable inferences in plaintiff's favor, the Court cannot conclude that there is *no* possible set of facts in which these supervisory

7

defendants were aware of the alleged violations against plaintiff or were indirectly responsible for the alleged violations or could have prevented these violations. *See Gaskell v. Harvard Coop. Soc'y*, 3 F.3d 495, 497-98 (1st Cir.1993)("A dismissal on the pleadings will be upheld only if it appears beyond doubt that plaintiff can prove no set of facts in support of its claims which would entitle it to relief."). Thus, at this time, it would be improper to dismiss plaintiff's claims against Miguel Pereira, Héctor Fontánez, Jaime López, Jorge Silvestrini, Edgardo Colomba, and Felipe Soto Lebrón for failure to establish a claim under § 1983.

The remaining appearing defendants, Manuel González Antonetty, Officer Peña, Officer Maldonado, Harry Sanchez, and Officer Nieves, similarly argue that the complaint lacks facts that indicate personal or direct involvement sufficient to establish a connection between these defendants and the alleged violations of Medina's constitutional rights. The Court rejects this argument. Defendants appear to overlook the fact that there is no heightened pleading requirement in civil rights cases. *See Cepero-Rivera v. Fagundo*, 414 F.3d 124, 128 (1st Cir.2005) (citing *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506 (2002)); *Educadores Puertorriquenos en Accion v. Hernandez*, 367 F.3d 61, 66-67 (1st Cir.2004). Hence, in adjudicating the present motion to dismiss under Rule 12(b)(6), the Court must simply apply the notice pleading requirements of Rule 8(a)(2) of the Federal Rules of Civil Procedure. *Cepero-Rivera,* 414 F.3d at 128; *Educadores Puertorriquenos en Accion*, 367 F.3d at 66-67. "Under Rule 8(a)(2), a complaint need only include 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Id*. at 129 (citing *Educadores Puertorriquenos en Accion*, 367 F.3d at 66) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). "A Rule 12(b)(6) motion 'may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.'" *Id.* (quoting *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)).

Applying the standards of Rules 8(a)(2) and 12(b)(6), the Court cannot conclude that plaintiff will be unable to prove any set of facts that would establish a causal connection

8

between defendants' conduct and the alleged violations to plaintiff's civil rights, or that plaintiff will otherwise ultimately be unable to establish facts which will entitle him to relief. As such, defendants' motions to dismiss on the grounds that plaintiff has failed to state a cognizable claim under 42 U.S.C. § 1983 are denied.

## II.

### Plaintiff Raquel Alvarez Cardenas' Standing

Defendants argue that plaintiff Medina's wife, Raquel Alvarez Cardenas, lacks standing to bring a cause of action under 42 U.S.C. § 1983. In response, plaintiffs concede that Alvarez cannot bring a § 1983 claim, but contend that she is a proper pendent party to the action. It appears from the complaint that Alvarez seeks compensation for mental anguish, sorrow, anxiety and distress suffered as a consequence of the July 20, 2004, attack on her husband. It is well-settled that "Section 1983 does not create a federal cause of action for the emotional distress of a spouse." *Rodriguez v. Comas*, 888 F.2d 899, 903 (1st Cir.1989). Thus, Alvarez's claims brought pursuant to § 1983 cannot lie. *See id.*

However, this does not end the Court's inquiry. The spouse of a civil rights plaintiff may assert such a cause of action as a supplemental claim to plaintiff's substantive civil rights action when (1) the spouse's claim shares a common nucleus of operative fact with a claim over which the court has jurisdiction; (2) the exercise of supplemental jurisdiction over the party is not disapproved by the statute creating original jurisdiction over the claim to which the supplemental party appends her claims; and (3) the supplemental jurisdiction promotes judicial economy and avoids jury confusion. *See id.*; 28 U.S.C. § 1367(a) (codifying pendent party jurisdiction); *Golas v. HomeView Inc.*, 106 F.3d 1, 3 n.3 (1st Cir.1997) (noting that the codification of the supplemental jurisdiction doctrine in 28 U.S.C. § 1367(a), which makes clear that such jurisdiction includes the joinder of parties, does not alter the traditional pendent jurisdiction analysis employed in this circuit).

It appears that Alvarez's claim arises out of the same common nucleus of operative fact

as Medina's constitutional claims. Moreover, section 1983 does not expressly or implicitly disapprove of supplemental party jurisdiction over emotional distress claims. *See Rodriguez*, 888 F.2d at 903. Finally, jurisdiction over Alvarez's claim would promote judicial economy without risking jury confusion. Accordingly, the Court dismisses Alvarez's causes of action made pursuant to 42 U.S.C. § 1983, but retains jurisdiction over Alvarez's supplemental claims for emotional and mental distress and related damages brought under commonwealth law. *See id.*; 28 U.S.C. § 1367(a).

### III.

### Eleventh Amendment

Defendants argue that they are entitled to sovereign immunity under the Eleventh Amendment in their official capacities. However, it is clear from the complaint and plaintiffs reiterate in their consolidated opposition to the motions to dismiss, that defendants are sued *only* in their individual or personal capacities. The Eleventh Amendment provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. Amend. XI. For Eleventh Amendment purposes, the Commonwealth of Puerto Rico is treated as if it were a state. *Redondo Const. Corp v. Puerto Rico Highway & Transp. Auth.*, 357 F.3d 124, 125 n.1 (1st Cir.2004)(citing *De León López v. Corporación Insular de Seguros*, 931 F.2d 116, 121 (1st Cir.1991)); *see also Metcalf & Eddy, Inc. v. Puerto Rico Aqueduct & Sewer Auth.*, 991 F.2d 935, 939 n.3 (1st Cir.1993).

The Eleventh Amendment prevents an award of monetary relief from a state treasury even when the officer, rather than the state itself, is the named defendant in a suit. *Ford Motor Co. v. Dept. of the Treasury*, 323 U.S. 459, 464 (1945) (stating that "when the action is in essence one for the recovery of money from the state, the state is the real, substantial party interested and is entitled to invoke its sovereign immunity from suit even though individual

officials are nominal defendants."). However, the Eleventh Amendment is concerned only with protecting state treasuries, not individual officers. Thus, the Eleventh Amendment does not prevent suits against state officers for money damages to be paid out of their own pockets, such as when an officer is sued in his individual capacity. *Kentucky v. Graham*, 473 U.S. 159 (1985) (discussing distinction between suits against an officer in an individual as opposed to an official capacity). *See also Hafer v. Melo*, 502 U.S. 21, 25 (1991) (Official capacity suits occur when a plaintiff sues the government entity by naming the officer as a defendant, whereas individual capacity suits "seek to impose individual liability upon a government officer for actions taken under color of state law.").

As it is clear that the present action is brought against defendants only in their personal capacities, the Eleventh Amendment is not implicated. Accordingly, defendants' motions to dismiss the complaint on Eleventh Amendment grounds are denied.

## IV.

### Qualified Immunity

Defendants also move to dismiss plaintiffs' claims on the grounds that the claims are barred under the doctrine of qualified immunity. At the pleadings stage, the threshold question in conducting a qualified immunity inquiry is whether the allegations, taken in the light most favorable to the plaintiff, could support a conclusion that the defendant government actor abridged any constitutional right. *Coyne v. Cronin*, 386 F.3d 280, 286 (1st Cir.2004). *See also Saucier v. Katz*, 533 U.S. 194, 201 (2001); *Santana v. Calderon*, 342 F.3d 18, 23 & 29 (1st Cir. 2003). If the facts alleged show that the defendant officer's conduct violated a constitutional right, the Court must ask whether "the contours of this right are 'clearly established' under then-existing law so that a reasonable officer would have known that his conduct was unlawful." *Santana v. Calderon,* 342 F.3d 18, 23 (1st Cir 2003) (citing *Dwan v. City of Boston*, 329 F.3d 275, 278 (1st Cir. 2003)).

In the instant case, the response to both inquires must be in the affirmative. As discussed

11

above, plaintiff Medina has asserted viable claims of violations of the Eighth and Fourteenth Amendments. Further, taking the allegations in the light most favorable to plaintiff, the Court cannot conclude that the constitutional rights implicated were not "clearly established under then-existing law so that a reasonable officer would have known that his conduct was unlawful." *Santana*, 342 F.3d at 23. Thus, at this juncture – upon motion to dismiss under Rule 12(b)(6)– the Court may not find that defendants are entitled to the protection of qualified immunity.

## V.

### Supplemental Claims

Defendants' final argument is that plaintiffs' supplemental commonwealth claims should be dismissed pursuant to 28 U.S.C. § 1367(c)[6] because all of their federal claims warrant dismissal. As discussed above, plaintiff Medina's claims brought pursuant to the Fourteenth and Eighth Amendments survive defendants' Rule 12(b)(6) motions to dismiss. Accordingly, defendants' motions to dismiss plaintiffs' supplemental commonwealth claims pursuant to 28 U.S.C. § 1367(c) are denied.

## CONCLUSION

For the aforementioned reasons, defendants' motions to dismiss are **granted in part and denied in part**. Plaintiff Medina's claims made pursuant to the Fifth Amendment and Plaintiff Alvarez's claims made pursuant to 42 U.S.C. § 1983 are dismissed. Partial judgment shall be entered accordingly.

This action survives as to Plaintiff Medina's Fourteenth and Eighth Amendment claims, as well as Plaintiff Medina and Plaintiff Alvarez's related supplemental commonwealth claims.

---

[6] 28 U.S.C. § 1367(c) provides that "The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the district court has dismissed all claims over which it has original jurisdiction."

**IT IS SO ORDERED**.

San Juan, Puerto Rico, July 19, 2006.

S/ HECTOR M. LAFFITTE
United States District Judge